# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 CR 400 - 1, 7 | **DATE** | 1/2/2003 |
| **CASE TITLE** | UNITED STATES vs. PHILLIP J. COZZO | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **Motion (50-1) to suppress evidence is denied. Enter Memorandum Opinion and Order.**

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | JAN 7 - 2003 date docketed | 92 |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| DW | courtroom deputy's initials | 03 JAN -6 PM 6:17 U.S. DISTRICT COURT CLERK Date/time received in central Clerk's Office | date mailed notice  mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

PHILLIP J. COZZO et al.,

Defendants.

No. 02 CR 400-1, 7
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

Defendants DiMarco and Cozzo, joined by other defendants, have moved to suppress the evidence obtained from court-ordered video recording of conduct inside the office at the Grand Palace. They have also moved to suppress the evidence obtained from the court ordered audio interception pursuant to Title III of the Omnibus Crime Control and Safe Streets Act of 1968 ["Title II"], 18 U.S.C. §§ 2510 *et seq*. Defendants have four general arguments: (1) the initial orders were supported by insufficient probable cause; (2) the orders did not meet the Fourth Amendment's requirement of particularity; (3) the government did not properly minimize interception; and (4) the government failed in its affidavit to explain its failure to attempt alternative investigative techniques. The government disputes these arguments and raises the additional argument that certain defendants lack standing to challenge the interception.[1]

First, defendants challenge the initial authorization of interception as lacking probable cause. In determining whether or not affidavits are insufficient on their face to establish probable cause, the issuing judge must be guided by the totality of the circumstances standard set forth in

---

[1] Because defendants' purported arguments fail to render the orders invalid, I decline to address the standing issues, although they appear to be meritorious.

*Gates*. He must take a common sense and non-technical approach to the information in the affidavit, to determine if it provides facts sufficient to cause a reasonably prudent person to believe that a search will uncover evidence of the alleged crime. *United States v. Roth*, 201 F.3d 888, 892 (7th Cir. 2000). As a general rule, a reviewing court does not conduct *de novo* review of this determination by the issuing judge. *See Illinois v. Gates*, 462 U.S. 213, 238-39 (1983). Rather, reviewing courts give great deference to the issuing judge's decision. *Id.* That decision and the affidavits supporting the probable cause determination are presumed to be correct and valid, absent a strong showing to the contrary. *See Franks v. Delaware*, 438 U.S. 154, 171 (1978). The defendant must show that the decision was clearly erroneous, and close cases are to be resolved in favor of upholding the warrant. *United States v. Sleet*, 54 F.3d 303, 306 (7th Cir. 1995); *United States v. Pless*, 982 F.2d 1118 (7th Cir. 1992); *United States v. Spears*, 965 F.2d 262, 269-70 (7th Cir. 1992). Here, defendants have not given me reason to avoid applying the presumption that Judge Aspen's decision was correct. They have not shown his decision to be clearly erroneous. At best - and this gives a lot to the defendants - this decision was a close call, but such situations are resolved in favor of upholding the warrant.

Defendants also argue that the orders did not comply with the particularity requirements of the Fourth Amendment. This contention lacks merit. Regarding video surveillance:

> [T]he judge must certify that "normal investigative procedures have been tried and have failed or reasonably appear to be unlikely to succeed if tried or to be too dangerous," 18 U.S.C. § 2518(3)(c), and that the warrant must contain "a particular description of the type of communication sought to be intercepted, and a statement of the particular offense to which it relates," § 2518(4)(c), must not allow the period of interception to be "longer than is necessary to achieve the objective of the interception, nor in any event longer than thirty days" (though renewals are possible), § 2518(5), and must require that the interception "be conducted in such a way as to minimize the interception of communication not otherwise subject to interception under [Title III.]"

2

*United States v. Torres*, 751 F.2d 875, 884 (7th Cir. 1984). In determining whether an order describes with sufficient particularity the suspected offenses and the conduct sought to be intercepted, a court can look to the application and the affidavit, as well as the order. *See United States v. Tortorello*, 480 F.2d 764, 780-81 (2d Cir. 1972). Here, the application and order were sufficiently particular. They contained a particular description of the type of conduct and activities which were sought to be intercepted and a statement of the particular offenses to which they related, which interceptions would reveal the manner in which the described crimes were being committed and which would reveal the identity of the coconspirators, their methods of operation, and the nature of the conspiracy.

Defendants further argue that the video recordings must be suppressed because the agents did not minimize the recording. Whether the government properly minimized its interception is to be determined by a case-by-case analysis of the reasonableness of its conduct. *Scott v. United States*, 436 U.S. 128, 139-40 (1976). The reasonableness of its actions "in a given case is affected by a number of factors, including the nature and scope of the alleged conspiracy, the government's reasonable expectation of the character of the conversations they will be intercepting, and the extent of ongoing judicial supervision over the surveillance." *United States v. Dorfman*, 542 F.Supp. 345, 390 (N.D. Ill. 1982). In the present case, the agent's video surveillance minimization efforts were objectively reasonable. The scope of the alleged conspiracy was broad, and the government's expectation of the character of the video images and conversations they would be intercepting was also wide ranging as demonstrated by the example of important evidence obtained throughout the interceptions of the handling of the illegal gambling proceeds. Furthermore, there was extensive judicial supervision over the audio and

3

video surveillance in the ten day reports in which the government gave the court the total number of conversations and activities, the number of minimized conversations and activities, and detailed summaries of the conversations and activities intercepted.

Finally, defendants argue that the government failed to explain its failure to attempt alternative investigative techniques. Regarding the law on this issue, "[a]ll that is required is that the investigators give serious consideration to the non-wiretap techniques prior to applying for wiretap authority and that the court be informed of the reasons for the investigators' belief that such non-wiretap techniques have been or will likely be inadequate." *United States v. Lambert*, 771 F.2d 83, 91 (6th Cir. 1985). Here, in issuing two separate orders to implement interception of audio and video conduct and activities, Judge Aspen found probable cause based on the affidavit of Special Agent Michael N. Cole, FBI. This affidavit properly made the showing required under *Lambert*. Cole set forth his experience and his opinion that normal investigative techniques had been tried and failed or reasonably appeared unlikely to succeed if tried or were too dangerous and would be unsuccessful as far as meeting all the goals of the investigation of the named targets. Based upon his experience and understanding of the subjects, Cole concluded that standard visual surveillance would not be effective. Cole also concluded that the use of confidential informants was not an option for extensive further investigation. Furthermore, the affidavit also discussed the probable failure of search warrants and/or a grand jury investigation, including subpoenaing possible suspects. Finally, Cole concluded that interviewing the subject and their associates and using undercover agents would be too dangerous. This was an opinion that Judge Aspen was entitled to accept.

For the aforementioned reasons, DiMarco's Motion to Suppress Governmental Video Surveillance of the Grand Palace Bingo Hall and Cozzo's Motion to Suppress Governmental Television Surveillance of the "Office" of the Grand Palace Bingo Hall are DENIED.

ENTER:

James B. Zagel
United States District Judge

DATE: 2 \_\_\_ 2003